**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4867**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

TRACY CLARENCE ANDERSON,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:13-cr-00219-FDW-1)

———————

Submitted:  September 9, 2015      Decided:  September 11, 2015

———————

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Reggie E. McKnight, MCKNIGHT LAW FIRM, P.L.L.C., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Anderson appeals his 180-month sentence imposed following his guilty plea to one count of bank robbery by force and violence, in violation of 18 U.S.C. § 2113(a) (2012). On appeal, Anderson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in applying a career offender enhancement. Anderson has not filed a supplemental pro se brief despite being advised of his right to do so and despite being granted two extensions of time to file. Finding no meritorious grounds for appeal, we affirm.

On appeal, counsel questions whether the district court improperly designated Anderson a career offender based, in part, on Anderson's North Carolina conviction of larceny from the person. Anderson raised this objection before the district court, but unequivocally withdrew the objection at sentencing. "[W]aiver is the intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). "A party who identifies an issue, and then explicitly withdraws it, has waived the issue," and the waived issue "is not reviewable on appeal, even for plain error." United States v. Robinson, 744 F.3d 293, 298 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S.

2

Ct. 225 (2014). Thus, we conclude that, because Anderson withdrew his objection to the career offender enhancement on the basis of his conviction of larceny from the person, he has waived appellate review of this issue.

Because Anderson did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). The record reveals that the district court substantially complied with Fed. R. Crim. P. 11 in accepting Anderson's plea, which was knowing and voluntary.

Finally, in fulfilling our duty under Anders, we have reviewed the sentence and conclude that it is procedurally and substantively reasonable. The sentence is procedurally reasonable inasmuch as the district court properly calculated the applicable guidelines range and appropriately explained the sentence in the context of the relevant 18 U.S.C. § 3553(a) (2012) factors. See Gall v. United States, 552 U.S. 38, 51 (2007). Further, the within-Guidelines sentence is presumptively substantively reasonable, United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014), and we discern no basis to rebut that presumption.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court.

3

This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED